UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SACHIO WILDE,<br><br>        Petitioner,<br><br>   v.<br><br>C. WOFFORD,<br><br>        Respondent. | No. 2:15-cv-1715 JAM CKD P<br><br><br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Following a Placer County jury trial which concluded August 16, 2013, petitioner was convicted of theft from an elder adult, forgery, second degree burglary and attempting to dissuade a witness. He is serving a sentence of nine years imprisonment and raises two claims.

I. Background

On direct appeal, the California Court of Appeal summarized the facts presented at trial as follows:

> Defendant's 82-year-old mother traveled to Japan in May 2012. During the trip she learned that her checking account containing $5,000 had been depleted. The mother had not given defendant or anyone else permission to draw checks on her account. Upon her return, she closed the account and opened a new one.

/////

1

> Auburn Police Detective Jerry Johnson interviewed the mother, who reported that defendant had been taking money from her for several years. During his investigation, Detective Johnson discovered four checks in which the mother's signature had appeared to be forged. When he asked her about the checks, she explained that defendant had taken the checks from a closet in her residence while she was in Japan. Defendant admitted to Detective Johnson that he had taken the checks and had signed them because he needed money for drugs and gambling while his mother was away.
>
> While defendant was incarcerated after his arrest, he spoke by telephone with his girlfriend and some of their conversations were recorded. The jury heard recordings of some of the conversations and received transcripts of the recordings. During the conversations, defendant urged his girlfriend to contact the mother in an effort to convince her to drop the charges. After the girlfriend spoke with the mother, the mother asked Detective Johnson to drop the charges.

Resp't's Lodged Doc. No. 5 at 2.

II. <u>Standard For Habeas Corpus Relief</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).[1] Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)." It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

/////

/////

---

[1] The court does not have jurisdiction over any claim arising under state law.

2

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). With respect to the two claims presented in this action, no state court issued a reasoned decision.

When a state court rejects a federal claim without addressing the claim, a federal court presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is applicable. Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013). This presumption can be rebutted. Id.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. "Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at

/////

782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

III. Arguments and Analysis

    A. Ineffective Assistance of Appellate Counsel

In his first claim, petitioner argues that his counsel on direct appeal rendered ineffective assistance of counsel in violation of the Sixth Amendment by failing to challenge the sufficiency of the evidence underlying his conviction for dissuading a witness, his mother. This claim was presented to the California Court of Appeal and the California Supreme Court through collateral review. Both courts summarily denied the claim.

In order to be successful on a claim for ineffective assistance of appellate counsel, petitioner must show: 1) counsel unreasonably failed to raise a non-frivolous issue; and 2) had counsel presented the issue, there is a reasonable probability that relief would have been granted. Smith v. Robbins, 528 U.S. 259, 285 (2000).

At trial, jurors were told they had to find three elements to find petitioner guilty of the crime of dissuading a witness:

> 1. The defendant maliciously tried to prevent or discourage Fumiko Wilde from giving testimony at (sic) Jury Trial;
>
> 2. Fumiko Wilde was a crime victim; and
>
> 3. The defendant knew he was trying to prevent or discourage Fumiko Wilde from giving testimony, and intended to do so.

CT 199.

Petitioner asserts California Penal Code § 136.1(a)(3) should have precluded the jurors from finding malice as required in the first element. That section reads:

"For purposes [of the crime of dissuading a witness] evidence that the defendant was a family member who interceded in an effort to protect the witness or victim shall create a presumption that the act was without malice."

The problem with petitioner's argument is that he fails to point to any evidence suggesting that his attempts to convince his mother not to testify against him were based upon a desire to "protect" her. Accordingly, petitioner has not shown his appellate counsel was objectively

4

unreasonable by failing to assert any claim regarding California Penal Code § 136.1(a)(3) on direct appeal and has not made any showing demonstrating prejudice.  Also, petitioner is precluded from obtaining relief on his first claim by 28 U.S.C. § 2254(d) because:  (1) the California Supreme Court's decision rejecting the claim is not contrary to, nor does it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; and 2) the decision is not based upon an unreasonable determination of the facts.

      B.  Resentencing

In his second claim, petitioner asserts he is entitled to resentencing under the Safe Neighborhoods and Schools Act passed in 2014 by California voters (proposition 47).  Essentially that Act reclassified some nonviolent offenses as misdemeanors, rather than felonies.

As noted above, a writ of habeas corpus is only available for violations of federal law, and petitioner does not have a freestanding federal right to be resentenced under a new California law.  Petitioner claims that the "trial court" violated "due process in failing to apply the law in an equal, fair and impartial manner" when the court denied petitioner's motion for resentencing.  However, petitioner fails to point to any facts in support of his conclusion.  For these reasons, petitioner has not demonstrated he is entitled to habeas relief as to his second claim.  Also, as with petitioner's first claim, petitioner is precluded from obtaining relief by 28 U.S.C. § 2254(d).

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

1 court must issue or deny a certificate of appealability when it enters a final order adverse to the
2 applicant). Any response to the objections shall be served and filed within fourteen days after
3 service of the objections. The parties are advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
5 F.2d 1153 (9th Cir. 1991).

6 Dated: September 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wild1715.157